CHAOYUAN CEN; et al., Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–73556.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Chaoyuan Cen, Rosemead, CA, pro se.

Juanhong Luo, Rosemead, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Chaoyuan Cen and Juanhong Luo, natives and citizens of China, petition pro se for review of the Board of Immigration Appeals' order dismissing an appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000), and de novo claims of due process violations, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on the IJ's demeanor finding, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (special deference given to demeanor findings based on non-verbal communication), and based on the various inconsistencies between Cen's testimony and his wife's testimony regarding their conversion to Christianity, *see Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir. 2005). In the absence of credible testimony, petitioners failed to establish they are eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Cen's claim under the CAT is based on the same testimony the agency found to be not credible, and Cen points to no other evidence the agency should have considered, he has failed to establish eligi-bility for relief under the CAT. *See id.* at 1156–57.

■ Finally, to the extent petitioners contend the IJ violated their due process rights, their claim fails because they received a full and fair hearing. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring legal error and prejudice to prevail on a due process challenge).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

